**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| GLEN LEWIS,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>        Respondent - Appellee. | No. 24-3828<br><br>Tax Ct. No. 22829-22L<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted November 12, 2025[**]

Before: SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

Glen Lewis appeals pro se from the Tax Court's summary judgment sustaining the Commissioner of Internal Revenue's rejection of Lewis's offer in compromise and acceptance of an installment agreement in lieu of levying Lewis's assets. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Sollberger v. Comm'r*, 691 F.3d 1119, 1123 (9th Cir. 2012) (summary judgment); *Fargo v. Comm'r*, 447 F.3d 706, 709 (9th Cir. 2006) (review of the rejection of an offer in compromise). We affirm.

The Tax Court properly granted summary judgment on Lewis's claim concerning the offer in compromise because Lewis failed to raise a genuine dispute of material fact as to whether the Commissioner abused his discretion by rejecting Lewis's offer in compromise where he had income and assets to pay his assessed tax liability or by addressing the issues raised by Lewis about the calculation of the agreement. *See* 26 U.S.C. § 6330(c)(2), (3) (setting forth what may be presented at the hearing and the required bases for the determination); *Fargo,* 447 F.3d at 710 (finding no abuse of discretion in rejecting an offer in compromise where taxpayers' hardship claim was speculative and unsupported by the record).

We reject as unsupported by the record Lewis's contentions that the Commissioner incorrectly informed him of his appeal rights.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**